Craig A. Livingston (SBN 148551)
Amy E. Blair (SBN 292238)
LIVINGSTON LAW FIRM
A Professional Corporation
1600 South Main Street, Suite 280
Walnut Creek, CA  94596
Tel: (925) 952-9880
Fax: (925) 952-9881
Email: clivingston@livingstonlawyers.com
        ablair@livingstonlawyers.com

Attorneys for Defendant
ELECTRIC BIKE TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA STEINWAND, Individually and as Successor in Interest to the Estate of Decedent ENRIQUE SY, <br><br> Plaintiff, <br><br> v. <br><br> ELECTRIC BIKE TECHNOLOGIES INC., ROCHELLE SY, KRISTINE YULO, and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> **PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]; DEMAND FOR JURY TRIAL** <br><br> [Sacramento Superior Court Case No. 23CV009398] |

TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

PLEASE TAKE NOTICE that defendant ELECTRIC BIKE TECHNOLOGIES INC. (hereinafter "ELECTRIC BIKE") hereby removes to this Court the state court action described below.

**JURISDICTION**

1.      This wrongful death and survival action arises out of a November 30, 2021 incident in which plaintiff's decedent, ENRIQUE SY, fell from an electric trike manufactured by defendant ELECTRIC BIKE and sustained injuries from which he succumbed approximately two months later. See, Complaint ¶ 9. The incident occurred "in the parking lot of the residential

community in Sacramento, California, where he lived." *Id.* Plaintiff's decedent, then, was a resident of the State of California.

2.      Defendant ELECTRIC BIKE is a corporation incorporated and organized under the laws of the State of Pennsylvania, whose principal place of business is in Bucks County, Pennsylvania. A true and correct copy of a Subsistence Certificate issued by the Pennsylvania Secretary of State is attached to *the accompanying Declaration of Craig A. Livingston in Support* as **Exhibit A**. This certificate confirms ELECTRIC BIKE is an active domestic business corporation in Pennsylvania.

3.      Plaintiff ERIKA STEINWAND brings this action individually and as a Successor in Interest to the Estate of ENRIQUE SY, alleging she has complied with California Code of Civil Procedure section 377.32.[1] *Id.* at ¶ 2. Plaintiff ERIKA STEINWAND is the surviving daughter and heir of ENRIQUE SY, *id.* at ¶ 2, 4, and she is a resident of the State of Hawaii. *Id.* at ¶ 3.

4.      Plaintiff ERIKA STEINWAND filed her wrongful death action on October 3, 2023, in the Sacramento Superior Court, State of California (Case No. 23CV009398).

5.      Defendant ELECTRIC BIKE is not a citizen of the State of California or the State of Hawaii.

6.      The matter in controversy far exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs. This is apparent from the face of the Complaint because plaintiff alleges that decedent ENRIQUE SY fell from the subject electric trike causing him to "strike his head, which caused a spinal cord injury resulting in him being paralyzed resulting in quadriplegia." *Id.* at ¶ 9. Plaintiff's decedent "lived for approximately two months as a quadriplegic before ultimately losing his lift to the injury." The claimed damages resulting from

---

[1]   Plaintiff ERIKA STEINWAND filed a declaration in the state court action stating under penalty of perjury that she is the successor-in-interest to the decedent's interest.  See, "Declaration and Attachment Regarding Commencement of Action by Successor in Interest Pursuant to CCP Section 377.32" attached *hereto* as **Exhibit A**.

this type of injury and subsequent death easily exceed the jurisdictional minimum of this Court.

7.      The Complaint includes a Third Cause of Action entitled, "Nominal Defendants: ROCHELLE SY and KRISTINE YULO." In this cause of action, plaintiff alleges that ROCHELLE SY and KRISTINE YULO "are being identified and disclosed as nominal defendants rather than Plaintiffs in this action which is authorized by C.C.P. § 382." Complaint, ¶ 22.[2] Nominal defendant ROCHELLE SY, another daughter of plaintiff's decedent ENRIQUE SY, is a resident of the state of Hawaii. *Id.* at ¶ 20 Nominal defendant KRISTINE YULO, a daughter of decedent ENRIQUE SY as well, is a resident of the State of California. *Id.* at ¶ 21.

## GROUNDS FOR REMOVAL

8.      On October 4, 2023, plaintiff ERIKA STEINWAND commenced a civil action in Sacramento County Superior Court, State of California, entitled. "*ERIKA STEINWAND, Individually and as Successor in Interest to the Estate of Decedent ENRIQUE SY v. ELECTRIC BIKE TECHNOLOGIES INC., ROCHELLE SY, KRISTINE YULO, and DOES 1 through 50, inclusive*," Case No. 23CV009390.  True and correct copies of the Summons and Complaint are attached hereto and marked as **Exhibit B**.  Defendant ELECTRIC BIKE was served with the Summons and Complaint on October 18, 2023.

9.      In said action, plaintiff ERIKA STEINWAND seeks non-economic damages, funeral, burial and other expenses, loss of decedent's care and support, as well as survival action damages on behalf of plaintiff's decedent ENRIQUE SY, including past medical expenses, pain and suffering, past personal property damage and related damages on theories of negligence and

---

[2]      Under California law, there may only be a single action for wrongful death in which all heirs must join. This policy is referred to as the "one action" rule. *Gonzales v. Southern Cal. Edison Co.*, 77 Cal.App.4th 485, 489 (1999). "One of its effects is that settlement of a wrongful death case instituted by only some of the heirs will bar others from prosecuting another action against the same defendant." *Id.* Any heir who does not consent to be joined as a plaintiff in a wrongful death action must be named as a defendant pursuant to Code of Civil Procedure section 382. *See*, *Romero v. Pacific Gas & Elec. Co.*, 156 Cal.App.4th 211, 216 (2007). However, "[a] person named as a nominal defendant and properly joined is in reality, a plaintiff in the case. *Id.* (quotation marks omitted). *Accord*, *Estate of Kuebler v. Superior Court*, 81 Cal.App.3d 500, 503 (1978); *Ruttenberg v. Ruttenberg*, 53 Cal.App.4th 801, 808 (1977).

1    strict product liability. Complaint ¶10-11.

2        10.    Defendant ELECTRIC BIKE caused to be filed an Answer to plaintiff's

3    unverified Complaint on or about November 1, 2023.  A true and correct copy of the Answer is

4    attached hereto and marked as **Exhibit C.**[3]  The Answer was served on plaintiff's counsel on

5    October 31, 2023. *See*, Proof of Service attached to the Answer.

6        11.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332,

7    and the Complaint is one which may be removed to this Court by defendant ELECTRIC BIKE

8    pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of

9    different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest

10   and costs.

11       12.    In this action, only plaintiff ERIKA STEINWAND is the real party in interest, as

12   she is the only plaintiff suing either in her individual capacity or as Successor in Interest to the

13   Estate of ENRIQUE SY. Complaint ¶¶ 2 – 4, 14, 16 and 19. Neither nominal defendant, who are

14   identified as defendants in the caption of the Complaint, is affirmatively seeking recovery of

15   damages. "A federal court must disregard nominal or formal parties and rest jurisdiction only

16   upon the citizenship of real parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S.

17   458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980).

18       13.    28 U.S.C. section 1332(c)(2) provides that "the legal representative of the estate

19   of a decedent shall be deemed to be a citizen only of the same State as decedent." 28 U.S.C. §

20   1332(c)(2). Plaintiff ERIKA STEINWAND is therefore considered a resident of the State of

21   California in her capacity as Successor in Interest to the Estate of ENRIQUE SY. However,

22   insofar as plaintiff ERIKA STEINWAND is also suing for wrongful death damages in her

23

24   [3]   As set forth in the accompanying Livingston Declaration at para. 5 and **Exhibit B**,
25   ELECTRIC BIKE's Answer to Plaintiff's Unverified Complaint was sent to One Legal on
     October 31, 2023 for filing on or before November 1. One Legal accepted the filing order and
26   thereafter filed the Answer and tendered the first appearance fee. However, due to the serious
     backlog of filing in the Sacramento Superior Court clerk's office, the Answer does not yet appear
27   on the court's docket for this case.

28

individual capacity, she may be considered "a citizen of and resident within the State of Hawaii." Complaint ¶ 3. Thus, if she were to argue there is a lack of complete diversity because nominal defendant KRISTINE YULO is also a resident of the State of California, or because nominal defendant ROCHELLE SY is a resident of the State of Hawaii, such a position would ignore the well-established "nominal party" exception to the complete diversity requirement. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002)(citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)); *see also, Kuntz v Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004). Accordingly, there is complete diversity between plaintiff ERIKA STEINWAND, whether she is considered a citizen of the State of Hawaii in her individual capacity, or a resident of the State of California in her capacity as the Successor in Interest to the Estate of ENRIQUE SY, because the citizenship of nominal defendants ROCHELLE SY and KRISTINE YULO is disregarded, and defendant ELECTRIC BIKE is a citizen of the State of Pennsylvania.

14.    Defendant Electric Bike did not seek or obtain the consent of nominal defendants ROCHELLE SY or KRISTINE YULO to remove this case. Although the usual rule is that all defendants in a state action must join in a petition for removal, the rule of unanimity does not apply to nominal parties. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Removal is therefore proper here even without the consent of either or both nominal defendants. *See*, *Stuefen v. MV Senior Living LLC*, 2016 U.S. Dist. LEXIS 145663 *13 (N.D. Cal. 2016)[failure to obtain consent of nominal defendants in wrongful death action of no consequence]; *see also, Bates v. Mortgage Electronic Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012) (citing *Navarro*)(nominal parties that would not benefit from a suit may be disregarded for determination of diversity jurisdiction); *Shuler v. EmeriCare Inc.*, 2017 U.S. Dist. LEXIS 118150 *8-9; 2017 WL 3193647 (C.D. Cal. 2017)[citizenship of nominal defendants in wrongful death action irrelevant for purposes of diversity of citizenship analysis].

1    Based on the foregoing, defendant ELECTRIC BIKE respectfully requests that this Court

2  accept removal of this action.

3  Dated:  November 7, 2023                    LIVINGSTON LAW FIRM

4

5

6

7                                             By_____

8                                                Craig A. Livingston
                                                Attorneys for Defendant
9                                                ELECTRIC BIKE TECHNOLOGIES INC.

10                          **DEMAND FOR JURY TRIAL**

11    Pursuant to Fed. R. Civ. P. 38(b), defendant ELECTRIC BIKE hereby demands a jury in

12  the above-entitled action.

13  Dated:  November 7, 2023                    LIVINGSTON LAW FIRM

14

15

16

17                                             By_____

18                                                Craig A. Livingston
                                                Attorneys for Defendant
19                                                ELECTRIC BIKE TECHNOLOGIES INC.

20

21

22

23

24

25

26

27

28

*Erika Steinwand v. Electric Bike Technologies Inc., et al.* – Case No.
PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]; DEMAND FOR
JURY TRIAL

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 7, 2023, a true copy of the foregoing **PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) [DIVERSITY]; DEMAND FOR JURY TRIAL** was filed electronically with the Clerk of the Court using the CM/ECF system,  which will automatically send email notification of such filing to the following attorneys of record:

Christopher W. Wood, Esq.
Neil J. Ferrera, Esq.
DREYER BABICH BUCCOLA WOOD
CAMPORA, LLP
20 Bicentennial Circle
Sacramento, CA  95826
Tel: (916) 379-3500
Fax: (916) 379-3599
Email: DBBWC-ESERVICE@dbbwc.com

*Attorneys for Plaintiff ERIKA STEINWAND*

Service was accomplished as follows:

 X     **BY US MAIL, According to Normal Business Practices.**  At my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service.  I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for mailing with the U.S. Postal Service.  Correspondence so collected and processed is deposited with the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 7, 2023, at Walnut Creek, California.

*/s/ Christine Williams*
Christine Williams

# EXHIBIT A

Filed
Superior Court of California
Sacramento
10/03/2023
houstoj
By _____, Deputy
23CV009398

1  CHRISTOPHER W. WOOD, ESQ. / SBN: 193955
   NEIL J. FERRERA, ESQ. / SBN: 239823
2  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
3  Sacramento, CA 95826
   Telephone:  (916) 379-3500
4  Facsimile:  (916) 379-3599
   DBBWC-ESERVICE@dbbwc.com
5

6  Attorneys for Plaintiff

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10

11 ERIKA STEINWAND, Individually and as          Case No.:
   Successor in Interest to the Estate of
12 Decedent ENRIQUE SY,                          **DECLARATION AND ATTACHMENT
                                                  REGARDING COMMENCEMENT OF
13        Plaintiff,                              ACTION BY SUCCESSOR IN INTEREST
                                                  PURSUANT TO CCP SECTION 377.32**
14     v.

15 ELECTRIC BIKE TECHNOLOGIES INC.,
   ROCHELLE SY, KRISTINE YULO, and DOES 1
16 through 50, inclusive,

17        Defendants.

18

19     I, ERIKA STEINWAND, HEREBY DECLARE:

20     1.     Decedent's name is ENRIQUE SY.  Plaintiff is the surviving heir-at-law of Decedent.

21 Plaintiff ERIKA STEINWAND is the surviving daughter of Decedent.

22     2.     Decedent, ENRIQUE SY, deceased on February 7, 2022 in Sacramento, California.

23     3.     A certified copy of the Certificate of Death of Decedent ENRIQUE SY is attached

24 hereto as Exhibit "A".

25     4.     No proceeding is now pending in California for administration of the Decedent's

26 estate.

27     5.     The declarant is the Decedent's successor in interest (as defined in CCP section

28 377.11) and succeeds to the Decedent's interest in the subject action.

---

-1-

**Declaration and Attachment
Pursuant to CCP section 377.32**

6. No other person has a superior right to commence the action or proceeding or to be substituted for the Decedent in the subject pending action.

7. The declarant declares under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this **29th** day of September, 2023 in Sacramento, California.

By: *Erika Steinwand*
ERIKA STEINWAND

---

-2-

**Declaration and Attachment**
**Pursuant to CCP section 377.32**

# EXHIBIT B

SUMMONS
(CITACIÓN JUDICIAL)

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Issued and Filed
Superior Court of California,
Sacramento
10/04/2023
houstoj
By _____, Deputy
23CV009398

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ELECTRIC BIKE TECHNOLOGIES INC., ROCHELLE SY,
KRISTINE YULO, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIKA STEINWAND, Individually and as Successor
in Interest to the Estate of Decedent ENRIQUE SY,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Sacramento County Superior Court<br>720 Ninth Street<br>Sacramento, CA 95814 | **CASE NUMBER**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
CHRISTOPHER W. WOOD, ESQ. / SBN: 193955 Dreyer Babich Buccola Wood Campora, LLP
20 Bicentennial Circle (916) 379-3500
Sacramento, CA 95826

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* | OCT - 4 2023 | Clerk, by ____ J. HOUSTON ____, Deputy<br>*(Secretario)* *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Electric Bike Technologies Inc.
    under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB | Essential Forms
ceb.com

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

W-STEINWAND, ERIKA

Filed
Superior Court of California,
Sacramento
10/03/2023
houstoj
By _____, Deputy
23CV009398

1    CHRISTOPHER W. WOOD, ESQ. / SBN: 193955
NEIL J. FERRERA, ESQ. / SBN: 239823
2    **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
3    Sacramento, CA 95826
Telephone: (916) 379-3500
4    Facsimile: (916) 379-3599
DBBWC-ESERVICE@dbbwc.com
5

6    Attorneys for Plaintiff

7

8            SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SACRAMENTO

10

11    ERIKA STEINWAND, Individually and as     Case No.:
Successor in Interest to the Estate of
12    Decedent ENRIQUE SY,                **COMPLAINT FOR WRONGFUL DEATH
AND SURVIVOR'S ACTION**
13         Plaintiff,

14         v.

15    ELECTRIC BIKE TECHNOLOGIES INC.,
ROCHELLE SY, KRISTINE YULO, and DOES 1
16    through 50, inclusive,

17         Defendants.

18

19                  **FIRST CAUSE OF ACTION**

20              **(Wrongful Death of ENRIQUE SY)**

21        Plaintiff ERIKA STEINWAND, individually as the Successor in Interest for ENRIQUE SY,

22    deceased, complains against Defendants ELECTRIC BIKE TECHNOLOGIES INC., and DOES 1

23    through 50, inclusive, and alleges as follows:

24        1.     The true names and capacities -- whether individual, corporate, associate or

25    otherwise -- of Product defendants and DOES 1 through 50, are unknown to Plaintiffs, who

26    therefore sue such DOES by such fictitious names. Plaintiffs will amend this Complaint to show

27    their true names and capacities when the same have been ascertained. Each of the Defendants,

28    and DOES 1 through 50, are legally responsible in some manner -- negligently, in warranty,

-1-

**Complaint for Wrongful Death and Survivor's Action**

1 │ strictly, or otherwise -- based on the theories alleged in this Complaint.

2 │     2.    Decedent ENRIQUE SY was the father of Plaintiff ERIKA STEINWAND. Further,
3 │ Plaintiff ERIKA STEINWAND is the Successor in Interest to the Estate of ENRIQUE SY for purposes
4 │ of bringing an action under CCP Section 377.30, et. seq., and has complied with CCP Section
5 │ 377.32

6 │     3.    Plaintiff is now, and at all times herein mentioned was, a citizen of and resident
7 │ within the State of Hawaii.   Plaintiff further alleges that each Defendant ELECTRIC BIKE
8 │ TECHNOLOGIES INC. is headquartered in Bucks County, State of Pennsylvania but doing business
9 │ within the County of Sacramento, State of California.   The amount in controversy is in excess of
10 │ the minimal jurisdictional limits of this Court.

11 │     4.    Plaintiff ERIKA STEINWAND is the surviving daughter, and heir of ENRIQUE SY,
12 │ deceased.

13 │     5.    Defendants ELECTRIC BIKE TECHNOLOGIES INC. and DOES 1 through 25 were the
14 │ agents, employees or contractors of Defendants ELECTRIC BIKE TECHNOLOGIES INC. and DOES
15 │ 26 through 50 and were at all times acting within the course and scope of said agency,
16 │ employment or contract, and with the permission, knowledge and consent of each remaining
17 │ Defendants.

18 │     6.    Defendants ELECTRIC BIKE TECHNOLOGIES INC. and DOES 1 through 25 also
19 │ negligently hired, trained, and/or supervised Defendants ELECTRIC BIKE TECHNOLOGIES INC. and
20 │ DOES 26 through 50 in such a fashion as to cause and/or contribute to the occurrence of the
21 │ incident described herein.

22 │     7.    Defendant ELECTRIC BIKE TECHNOLOGIES INC. and Does 1 through 50 are a
23 │ Pennsylvania corporation. Defendant ELECTRIC BIKE TECHNOLOGIES INC. markets its products in
24 │ California via the internet and social media.   At all relevant times ELECTRIC BIKE TECHNOLOGIES
25 │ INC. and Does 1 through 50 were in the business of designing, manufacturing, fabricating,
26 │ assembling, marketing, distributing, selling and otherwise placing into the stream of commerce
27 │ various electric vehicles and all originally manufactured components thereof, including the TRIKE
28 │ at issue herein.

**Complaint for Wrongful Death and Survivor's Action**

8.      At all relevant times ENRIQUE SY was the owner of the TRIKE. Mr. SY purchased it new from ELECTRIC BIKE TECHNOLOGIES INC. approximately two weeks prior to the subject incident.

9.      On November 30, 2021, Decedent ENRIQUE SY was operating a white Liberty Trike with a lithium-ion battery ("TRIKE") in the parking lot of the residential community in Sacramento, California where he lived. The decedent was riding the TRIKE in the parking lot so that he could familiarize himself with the TRIKE. As he was riding the TRIKE and making a turn, it tipped over causing him to fall and strike his head, which caused a spinal cord injury resulting in him being paralyzed resulting in quadriplegia.   He lived for approximately two months as a quadriplegic before ultimately losing his life to the injury. The tip over occurred during ordinary, foreseeable operation of the TRIKE.

10.     The tip over was caused by the design and manufacturing defects in the TRIKE which was designed, manufactured, modified, and distributed by Defendant ELECTRIC BIKE TECHNOLOGIES INC. and DOES 1 through 50.

11.     ELECTRIC BIKE TECHNOLOGIES INC. and DOES 1 through 50, and each of them, caused Plaintiff's injuries and damages.   Accordingly, Plaintiff asserts a wrongful death and personal injury cause of action against the above-named Defendants based on negligence and strict product liability theories under California Law.

12.     All Defendants were agents, principals, partners, and/or joint ventures with each other, and/or had some other relationship imposing vicarious liability on each Defendant such that all Defendants are legally liable for the acts and/or omissions of all other Defendants. At all times Defendants were acting within the course and scope of such agency, employment, contract, joint venture or other relationship and with the permission knowledge and consent of each of the other Defendants.

13.     As a direct result of Defendants' negligence, and the death of decedent ENRIQUE SY, Plaintiff ERIKA STEINWAND has sustained economic damages consisting of (1) the value of lost financial and other support from the decedent, (2) the value of gifts or benefits that the decedent would have provided, (3) the value of funeral and burial expenses, and (4) the

-3-

Complaint for Wrongful Death and Survivor's Action

1   reasonable value of household services that the decedent would have provided.

2       14.    As a direct result of Defendants' negligence, and the death of decedent

3   ENRIQUE SY, Plaintiff ERIKA STEINWAND has sustained noneconomic damages consisting of loss

4   of the decedent's love, companionship, comfort, care, assistance, protection, affection, society,

5   and moral support.

6       Plaintiff ERIKA STEINWAND prays for judgment against Defendants for:

7       a.    Noneconomic damages in excess of the minimum jurisdictional requirements of this

8             Court;

9       b.    All funeral, burial and other expenses according to proof;

10      c.    Interest to the extent allowed by law;

11      d.    All loss of the decedent's care and support, according to proof;

12      e.    All costs of suit; and,

13      f.    Such other and further relief as this Court may deem just and proper.

14                          **SECOND CAUSE OF ACTION**

15                      **(Survivor's Action: ERIKA STEINWAND)**

16      As a separate second cause of action, Plaintiff ERIKA STEINWAND, as Successor in Interest

17  to ENRIQUE SY, deceased, complains against Defendants ELECTRIC BIKE TECHNOLOGIES INC.,

18  and DOES 1 through 50, and allege:

19      15.    Plaintiff incorporate herein by reference each and every allegation contained in the

20  first cause of action as though fully set forth.

21      16.    Plaintiff ERIKA STEINWAND, as the daughter of the decedent, is the Successor in

22  Interest to the decedent ENRIQUE SY, for purposes of bringing an action under CCP Section

23  377.30, *et. seq.*, and has complied with CCP section 377.32.

24      17.    Prior to his death, decedent ENRIQUE SY, was required to and did employ

25  physicians, surgeons and health workers to examine, treat, and care for him as a result of the

26  injuries sustained in the subject accident, and the decedent did incur medical and incidental

27  expenses in connection therewith.  The exact amount of such expense is unknown to Plaintiff at

28  this time.

-4-

**Complaint for Wrongful Death and Survivor's Action**

18. Prior to his death, ENRIQUE SY, experienced pain, suffering, and disfigurement in an amount to be determined by the trier of fact.

19. Prior to his death, decedent ENRIQUE SY, sustained damage to his personal property. The exact amount of such damage is unknown to Plaintiff at this time.

Plaintiff ERIKA STEINWAND prays for judgment against Defendants for:

a. All past medical expenses incurred by the decedent, according to proof;

b. All pain, suffering, and disfigurement (C.C.P. § 377.34) according to proof;

c. All past personal property damage incurred by the decedent, according to proof;

d. All prejudgment interest;

e. Costs of suit incurred herein; and,

f. Such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

**(Nominal Defendants: ROCHELLE SY and KRISTINE YULO)**

Plaintiff incorporates by reference each and every allegation contained in the first and second causes of action.

20. ROCHELLE SY is the daughter of deceased, ENRIQUE SY, and is a resident of the State of Hawaii.

21. KRISTINE YULO is the daughter of deceased, ENRIQUE SY, and is a resident of the County of San Mateo, State of California.

22. Both ROCHELLE SY and KRISTINE YULO are being identified and disclosed as nominal defendants rather than Plaintiffs in this action which is authorized by C.C.P. § 382.

23. Both ROCHELLE SY and KRISTINE YULO have all of the same rights and causes of action as Plaintiff ERIKA STEINWAND and incorporate those claims and causes of action and pray for such relief as identified in the first and second causes of action.

DATED: September 29, 2023            DREYER BABICH BUCCOLA WOOD CAMPORA, LLP

By: _____
CHRISTOPHER W. WOOD

-5-

**Complaint for Wrongful Death and Survivor's Action**

# EXHIBIT C

1  Craig A. Livingston – SBN 148551
   Amy E. Blair – SBN 292238
2  LIVINGSTON LAW FIRM
   A Professional Corporation
3  1600 South Main Street, Suite 280
   Walnut Creek, CA  94596
4  Tel: (925) 952-9880
   Fax: (925) 952-9881
5  Email: clivingston@livingstonlawyers.com
6          ablair@livingstonlawyers.com

7  Attorneys for Defendant
8  ELECTRIC BIKE TECHNOLOGIES, INC.

9                    SUPERIOR COURT OF CALIFORNIA

10          COUNTY OF SACRAMENTO - UNLIMITED CIVIL

11  ERIKA STEINWAND, Individually and as     )  Case No. 23CV009398
    Successor in Interest to the Estate of    )
12  Decedent ENRIQUE SY,                       )  **ANSWER OF DEFENDANT ELECTRIC**
                                               )  **BIKE TECHNOLOGIES, INC. TO**
13                        Plaintiff,           )  **PLAINTIFF'S UNVERIFIED**
                                               )  **COMPLAINT**
14           v.                                )
                                               )  Complaint Filed: 10/04/23
15  ELECTRIC BIKE TECHNOLOGIES, INC.,          )  Trial Date:  None
    ROCHELLE SY, KRISTINE YULO, and            )
16  DOES 1 THROUGH 50, inclusive,              )
                                               )
17                                             )
                        Defendants.            )
18  _____ )

19          COMES NOW defendant ELECTRIC BIKE TECHNOLOGIES, INC. and answers the

20  unverified Complaint of ERIKA STEINWAND as follows:

21                           **<u>GENERAL DENIAL</u>**

22          Under the provisions of California Code of Civil Procedure section 431.30, this

23  answering defendant denies generally and specifically, conjunctively and disjunctively, each and

24  every allegation contained in the Complaint and further denies that plaintiff and/or plaintiff's

25  decedent has sustained damages in any sum or sums alleged, or any other sum or at all, as a

26  result of any act or omission by or on behalf of this answering defendant.

27  / / /

28  _____
    *Steinwand, et al. v. Electric Bike Technologies, Inc., et al.* Sacramento County Case No. 23CV009398
    ANSWER OF DEFENDANT ELECTRIC BIKE TECHNOLOGIES, INC. TO PLAINTIFF'S UNVERIFIED
    COMPLAINT
                                      -1-

## <u>AFFIRMATIVE DEFENSES</u>

1. **AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that plaintiff fails to state a cause of action upon which relief can be granted against this answering defendant.

2. **AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that each of the causes of action asserted in the Complaint is barred by the statute of limitations as set forth in the Code of Civil Procedure, including but not limited to section 335.1.

3. **AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that plaintiff's decedent was concurrently and comparatively negligent in and about the matters referred to in said Complaint, and that said carelessness and negligence on his own part proximately and directly contributed to and caused the injuries, loss, and damages complained of by plaintiff, if any there were.

4. **AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges the injuries and damages complained of by plaintiff, if any there were, were either wholly or in part proximately caused by the negligence or other wrongful acts or omissions of persons or entities other than this answering defendant, and that said negligence or wrongful acts or omissions either are imputed to plaintiff by reason of their relationship with said persons or entities, or comparatively reduces the proportion of negligence and corresponding liability of this answering defendant, if any, which liability is specifically denied.

5. **AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that plaintiff's decedent failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate damages, if any there were, and that this failure to mitigate damages alone aggravated any damages or injuries to plaintiff's decedent, if any, and therefore precludes or reduces recovery against this answering defendant.

6. **AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that plaintiff's decedent had express knowledge of the risks and hazards set

1   forth in the Complaint, as well as the magnitude of the risks and hazards, and therefore

2   knowingly and willingly assumed those risks.

3   7. **AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

4   defendant contends that if liability is assessed against it, pursuant to Civil Code section 1431 *et*

5   *seq.*, defendant shall be liable only for the amount of non-economic damages allocated to it in

6   direct proportion to the percentage of fault assessed against it by the trier of fact and requests that

7   a separate judgment be rendered against it for that amount; but that defendant, in setting forth

8   this affirmative defense, makes no admission that it is liable to plaintiff in any amount or in any

9   proportion; and defendant, in setting forth this affirmative defense, makes no admission that

10  plaintiff has been damaged in any sum or sums at all.

11  8. **AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

12  defendant alleges that the subject Liberty Trike product, including its design, manufacture, and

13  assembly were at all material times consistent with industry customs, applicable standards, and

14  available technological, scientific, and industrial state-of-the-art.

15  9. **AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

16  defendant alleges that the subject Liberty Trike product was materially and/or substantially

17  altered or changed from its original condition and that such alterations or changes were the

18  causes of plaintiff's alleged damages, if there were any.

19  10. **AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

20  defendant alleges the use of the Liberty Trike product alleged in the Complaint by plaintiff's

21  decedent constitutes unforeseeable misuse and that this misuse was the sole and proximate cause

22  of plaintiff's alleged injuries and damages, if there were any.

23  11. **AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this

24  answering defendant alleges that plaintiff's damages resulted from a danger so commonly known

25  by the general public that the defendant had no duty to warn plaintiff's decedent.

26  12. **AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering

27  defendant alleges that plaintiff's claims are barred by the doctrine of laches.

28  
*Steinwand, et al. v. Electric Bike Technologies, Inc., et al.* Sacramento County Case No. 23CV009398
ANSWER OF DEFENDANT ELECTRIC BIKE TECHNOLOGIES, INC. TO PLAINTIFF'S UNVERIFIED
COMPLAINT
-3-

13. **AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that plaintiff's claims are barred by the doctrine of unclean hands.

14. **AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that plaintiff's claims are barred by the doctrine of estoppel.

15. **AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENE,** this answering defendant alleges that plaintiff's decedent failed to read and heed the Owner's Manual provided with the subject Liberty Trike product, or availed himself of several "how to" videos available on this answering defendant's website.

16. **AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that the injuries and damages complained of by plaintiff, if any there were, were either wholly or in part proximately caused by an intervening or superseding cause.

17. **AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,** this answering defendant alleges that plaintiff has waived, expressly or impliedly, the right to maintain this action against this answering defendant.

**WHEREFORE,** this answering defendant prays that plaintiff takes nothing by said Complaint, and this answering defendant be awarded costs of suit incurred herein and such other and further relief as the Court may deem just and proper.

Dated:  October 31, 2023.                    LIVINGSTON LAW FIRM

By:_____
        Craig A. Livingston
        Attorneys for Defendant
        ELECTRIC BIKE TECHNOLOGIES, INC.

1

<u>**PROOF OF SERVICE**</u>

2

       I, the undersigned, hereby declare that I am over the age of eighteen years and not a

3

party to the within action.  I am readily familiar with this firm's business practice for collection

and processing of documents for mailing with the U.S. Postal Service.  My business address is

4

1600 South Main Street, Suite 280, Walnut Creek, California 94596.  On the date set forth

5

below, I served the following document(s):

6

**ANSWER OF DEFENDANT ELECTRIC BIKE TECHNOLOGIES, INC. TO
PLAINTIFF'S UNVERIFIED COMPLAINT**

7

upon the following at the address(es) stated below:

8

9

Christopher W. Wood, Esq.
Neil J. Ferrera, Esq.

10

DREYER BABICH BUCCOLA WOOD
CAMPORA, LLP

11

20 Bicentennial Circle
Sacramento, CA  95826

12

Tel: (916) 379-3500
Fax: (916) 379-3599

13

Email: DBBWC-ESERVICE@dbbwc.com

14

*Attorneys for Plaintiff ERIKA STEINWAND*

15

16

Service was accomplished as follows:

17

 _X_    **BY US MAIL, According to Normal Business Practices.**  At my place of business at

18

       the above address, I sealed the above document(s) in an envelope addressed to the

       above, and I placed that sealed envelope for collection and mailing following ordinary

19

       business practices, for deposit with the U.S. Postal Service.  I am readily familiar with

       the business practice at my place of business for the collection and processing of

20

       correspondence for mailing with the U.S. Postal Service.  Correspondence so collected

       and processed is deposited with the U.S. Postal Service the same day in the ordinary

21

       course of business, postage fully prepaid.

22

       I declare under penalty of perjury under the laws of the State of California that the

23

foregoing is true and correct, and that this declaration was executed on October 31, 2023, at

Walnut Creek, California.

24

25

                                     _____

                                             Christine Williams

26

27

28

---

*Steinwand, et al. v. Electric Bike Technologies, Inc., et al.* Sacramento County Case No. 23CV00939
Proof of Service